UNITED STATES OF AMERICA
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00096-JAW |
| | ) | |
| WILLIAM QUIRION | ) | |

## ORDER OF DETENTION PENDING SENTENCING

After William Quirion pleaded guilty to federal charges of possession of marijuana and possession of a firearm by a convicted felon, the Government moved under 18 U.S.C. § 3148(b) for revocation of the order setting conditions of release and for an order directing Mr. Quirion's detention. Because the Court finds that there is probable cause to believe that Mr. Quirion has committed state crimes, that there is clear and convincing evidence that he also violated the drug abstinence condition of his release, and that it is unlikely that Mr. Quirion will abide by any condition or combination of conditions of release, the Court orders that the previously entered conditions of release be revoked and that Mr. Quirion be detained pending sentence.

I.  **BACKGROUND AND DETENTION HEARING**

On June 15, 2011, the Government charged Mr. Quirion in a multi-count indictment with knowingly and intentionally possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and with knowing possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), 2. *Indictment* (Docket # 1); *Synopsis* (Docket # 2). Mr. Quirion was arraigned before the Magistrate Judge on June 28, 2011, and he pleaded not guilty to the two

counts against him. *Minute Entry* (Docket # 8). The same day, he was released on personal recognizance subject to certain § 3142(c) conditions. Among the terms of bail imposed on Mr. Quirion were the conditions that (1) he not violate any federal, state or local law while on release, and (2) he refrain from unlawfully using or possessing any controlled substances. *Order Setting Conditions of Release* (Docket # 10).

Mr. Quirion appeared before this Court in a Rule 11 change of plea hearing on August 18, 2011. Mr. Quirion pleaded guilty to Counts I and II. *Minute Entry* (Docket # 30). On the same day, the Government moved for revocation of the order setting conditions of release and for an order directing Mr. Quirion's detention pending sentencing in the current case. *Motion for Revocation of Order Setting Conditions of Release and for Order Directing the Defendant's Detention* (Docket # 32) (*Gov't's Detention Mot.*). The Court set a detention hearing for the following day.

At the detention hearing on August 19, 2011, the Government introduced evidence that Mr. Quirion had been arrested on August 15, 2011 for theft by unauthorized taking and for violation of a condition of release for an unrelated state arrest. *Gov't's Detention Mot.* at Ex. 1. The Government maintained that Mr. Quiron's criminal conduct violated the condition that he not violate any federal, state or local law. *Gov't's Detention Mot.* The U.S. Probation Office also provided information that he had violated another condition of his release—unlawful use of a controlled substance—by continuing to abuse opiates and marijuana. *Am. Ex. List* (Docket # 35) at Ex. 2 (*Gov't. Ex. 2*). It produced evidence of Mr. Quirion's July 29, 2011 admission

2

that he had illicitly used Percocet two days prior. *Id.* Both theft and drug use constitute violations of his conditions of release.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 32.1(b) outlines the requirements for revocation of probation or supervised release. FED. R. CRIM. P. 32.1(b). The revocation hearing must be held within a reasonable time in the district having jurisdiction. FED. R. CRIM. P. 32.1(b)(2). "The person is entitled to: (A) written notice of the alleged violation; (B) disclosure of the evidence against the person; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation." FED. R. CRIM. P. 32.1(b)(2).

Title 18 of the United States Code, Section 3143 governs the release or detention of a defendant pending sentence. It provides that "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained." 18 U.S.C. § 3143(a). Detention, therefore, is the general rule. An exception is available if "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." *Id.*

Section 3148 then governs a defendant "who has been released under section 3142 of this title, and who has violated a condition of his release." 18 U.S.C. § 3148(a).

3

It also sets forth the sanctions available for violation of a release condition. A person who violates a condition of his release is subject to a revocation of release, an order of detention, and prosecution for contempt of court. 18 U.S.C. § 3148(a). The Government "may initiate a proceeding for revocation of an order of release by filing a motion with the district court." 18 U.S.C. § 3148(b). Section 3148 provides the standards for issuing an order revoking conditional release:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—
>
> (1) finds that there is—
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

The Court, therefore, must make two findings before ordering revocation and detention. First, that there is either probable cause to believe that Mr. Quirion committed a crime while on release or clear and convincing evidence that he violated any other condition of release. And second, either that there is no condition or combination of conditions that will assure that Mr. Quirion is not a danger to the safety of the community or that he is unlikely to abide by the conditions of his release.

4

## III. DISCUSSION

### A. Commission of State Crime and Violation of Conditions of Release

#### 1. Probable cause to believe Mr. Quirion committed a crime

After the August 19, 2011 detention hearing, the Court finds that there is probable cause to believe that Mr. Quirion committed a state crime while on release. The Government produced evidence in the form of a state complaint against Mr. Quirion for the crimes of theft by unauthorized taking and violations of the conditions of release. A report by the Caribou Police Department documenting Mr. Quiron's arrest accompanied the Complaint. The report indicates that a video camera recorded Mr. Quirion and another man leaving the fitness center of the Caribou Inn and Convention Center. The video reportedly shows Mr. Quirion attemping to hide under his shirt a wallet, keys, and a pair of jean shorts that he had just taken from someone using the fitness center.

The Government may present reliable hearsay at detention hearings. *See United States v. Pasciuti*, 958 F.2d 361, 1992 WL 41482, at *4 (1st Cir. 1992); *United States v. Acevedo-Ramos*, 755 F.2d 203, 204 (1st Cir. 1985) ("the lawfulness of the practice of using hearsay evidence at [detention] hearings is well established"). In *Pasciuti*, the First Circuit upheld the district court's finding of probable cause based on police reports of the defendant's arrests since release. 1992 WL 41482, at *4-5.

Here the Government has produced a reliable police report, as well as a state criminal complaint sworn to and filed in Maine District Court in Caribou. The Court

finds this sufficient to establish probable cause that Mr. Quirion has committed a crime while on release in violation of the conditions of his release.

### 2. Clear and convincing evidence that Mr. Quirion violated other conditions of release

Even absent evidence of Mr. Quirion's recent crime, the Court would find under § 3148(b)(1) that he violated conditions of his release. Mr. Quirion admitted such a violation in the signed admission form dated July 29, 2011. *Gov't Ex.* 2. In the form he admitted to a U.S. Probation Officer that he had used Percocet on or about July 26, 2011.

In addition, Mr. Quirion's co-defendant and girlfriend, Sherri Mancos, reported on July 8, 2011 that she and Mr. Quirion had continued to abuse drugs, specifically marijuana and opiates, until July 6, 2011. A U.S. Probation Officer followed up by visiting Ms. Mancos at the home she shared with Mr. Quirion. While there, Mr. Quirion admitted to abusing Dilaudid, a controlled substance for which he had no prescription. His substance abuse counselor also reported, on July 28, 2011, that she was aware of Mr. Quirion's continued drug use.

The evidence presented of Mr. Quirion's multiple admissions to illegal narcotics use is clear and convincing, and he provides no evidence to the contrary. The Court finds that Mr. Quirion violated the condition of his release that required he refrain from unlawfully using controlled substances.

### B. Likelihood that Mr. Quirion Will Abide by Conditions of Release and that Conditions Will Assure the Safety of the Community

The factors to be considered in determining whether there is any condition of release that will assure that Mr. Quiron will not flee or pose a danger to the safety of the community include:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves a controlled substance [or] firearm . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Mr. Quirion likely will not flee given his current position in state custody. If Mr. Quirion made state bail, however, he might pose a danger to the safety of the community. The very week Mr. Quirion was to appear before the Court, he was allegedly threatening the safety of the Caribou community by stealing the pants and wallet of a fitness center patron. The section 3142(g) factors support this conclusion. The federal charges Mr. Quirion faces include illegal possession of both a controlled substance and a firearm, § 3142(g)(1); he has pleaded guilty to these offenses and there is a sufficient weight of evidence against him, § 3142(g)(2); he has both a criminal history and a history of drug abuse § 3142(g)(3); and he has shown himself to be a danger to his community, § 3142(g)(4). Although Mr. Quirion has not been associated with any violent conduct, the § 3142(g) factors lead to the conclusion that no release condition will assure the community's safety.

Further, even if Mr. Quirion is not a danger to the community, he seems unable to abide by one of the few conditions imposed upon his release. Namely, he has proven unable to stop himself from abusing drugs despite the Court's order that he refrain

7

from use. Mr. Quirion admitted to the Probation Office that he has tried to stop, but has difficulty abstaining from the use of controlled substances. Given this inability to refrain from drug use, the Court finds it very unlikely that Mr. Quirion will abide by the conditions of his release in the future.

IV. **CONCLUSION**

The evidence presented at the detention hearing leads the Court to find probable cause to believe that Mr. Quirion committed a state crime while on release, and that there is clear and convincing evidence that Mr. Quirion violated the condition of his release prohibiting drug use. The Court further finds that Mr. Quirion, as evidenced by his own admission and actions, is unlikely to abide by the condition of release prohibiting him from using drugs. The Court concludes that these findings mandate the revocation of Mr. Quirion's presentencing release order and his detention pending the sentencing hearing.

The Court ORDERS that the Order Setting Conditions of Release be REVOKED and the Defendant detained pending imposition of sentence.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purposes of an appearance in connection with a court proceeding.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 31st day of August, 2011